In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00072-CR

                                                ______________________________

 

 

                                KYLON JEFFERY HENSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                              Rusk County, Texas

                                                      Trial Court No. 08-03-107-CR

 

                                                              
                                    

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Kylon
Jeffery Henson, appellant, has filed with this Court a motion to dismiss his
appeal.  The motion is signed by Henson
and by his counsel in compliance with Rule 42.2(a) of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 42.2(a).  As authorized
by Rule 42.2, we grant the motion.  See Tex.
R. App. P. 42.2.

            Accordingly,
we dismiss the appeal.

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
24, 2010

Date Decided:             May
25, 2010

 

Do Not Publish           






 class=MsoNormal style='text-align:justify;text-justify:inter-ideograph;
line-height:200%;mso-pagination:widow-orphan'>            The instant case is on a petition for
writ of mandamus, seeking to have us direct the trial court to set aside an
order granting a new trial and to reinstate a take-nothing judgment.  

            There is a theory of remote
consequences called the “butterfly effect.”[1]  Under this theory, the proponents postulate
that the movement of the wings of a butterfly somewhere in Africa could
generate minute disturbances of air.  That
flutter of air would join with other like movements, generating a breeze.  That breeze would combine with others to
create winds.  Those winds could compel
further disruptions in the movement of air (and so on), eventually leading to
greater and greater volume and velocity, which finally result in a massive
Atlantic hurricane.  We believe that the
case of In re Columbia Medical Center of Las Colinas, Subsidiary,
L.P., 290 S.W.3d 204, 207 (Tex. 2009), may have been interpreted by the
applicant as the butterfly wings to prompt the filing of this petition for writ
of mandamus and thus make a substantial change in the law.  We do not agree.

Background

            Jason Allen Boyd and Anna C. Smith
were involved in an automobile collision and Boyd brought suit against Smith
for the property damage he had sustained. 
The jury returned a verdict for the defense, finding in one broad-form
jury question that Boyd’s negligence proximately caused the collision.  After having first entered a take-nothing
judgment, the trial court granted Boyd’s motion for new trial, specifying no
reason for its action in having done so.  Smith filed a petition for writ of mandamus,
asking this Court to order the trial court to specify its reasons for the grant
of the new trial.  Before this Court had
an opportunity to rule on the petition, an amended order was entered wherein
the trial court stated that it had granted the new trial because the jury’s
finding that Boyd’s negligence proximately caused the collision was “so
contrary to the great weight and preponderance of the evidence in this case as
to be clearly wrong and manifestly unjust.”  Smith’s petition for mandamus relief was then
denied by this Court as moot. 

            Smith now has filed a new petition
for writ of mandamus which seeks to have this Court compel the trial court to
vacate its order granting a new trial and reinstate the take-nothing judgment.  Smith has provided us with a record of the
one-day trial.  In this newer petition,
Smith presents four points, each of which allege (and rest upon the premise of)
an abuse of discretion on the part of the trial court in granting the new
trial:  (1) that neither the trial court’s
order nor the record support the grant of a new trial; (2) that the reasons
given for granting a new trial are erroneous or implausible; (3) that the
action in granting a new trial leaves Smith with no adequate remedy on appeal;
and (4) that the granting of a new trial deprives Smith of the constitutional
right to have a jury decide the case.[2] 

            We deny the petition for writ of
mandamus because there was no clear abuse of discretion by the trial court in
granting a new trial.

There
Is No Clear Abuse of Discretion

            The
trial court’s order granting Boyd’s motion for new trial states, in pertinent
part:

            This
Court, having considered Plaintiff, Jason Allen Boyd’s Motion for New Trial,
and all arguments of counsel, is of the opinion that the Motion should be
granted.

 

            At trial, Plaintiff established
through Defendant Anna C. Smith’s testimony that (1) the Defendant failed to
maintain a proper lookout while backing her vehicle from a private driveway and
(2) the Defendant did not have, and failed to yield, the right-of-way at the
time of the motor vehicle accident at issue.

 

            On the issue of Defendant’s
negligence, Defendant offered the testimony of Louis Smith, a witness who did
not observe the accident at issue.  Defendant
also offered her own testimony, as well as that of Amber Smith, a passenger in
the vehicle, that the Defendant and passenger checked for oncoming traffic
before backing the vehicle.  The
Defendant and Ms. Smith’s testimony did not controvert Plaintiff’s evidence
that the Defendant failed to maintain
a proper lookout while backing the
vehicle.

 

            In Question 1 of the Charge of the
Court, the jury was asked, “Did the negligence, if any, of those below
proximately cause the occurrence in question?” 
The jury answered in the affirmative for Plaintiff Jason Allen Boyd and
in the negative for Defendant Anna C. Smith.

 

            Having detailed all the relevant
evidence regarding Defendant Anna C. Smith’s negligence, the Court finds that
the jury’s finding in Question 1 is so contrary to the great weight and
preponderance of the evidence in this case as to be clearly wrong and
manifestly unjust.

 

            It is, therefore, ORDERED, that
Jason Allen Boyd’s Motion for New Trial is granted.

 

In
his first and second points of error, Smith argues that the trial court abused
its discretion in granting the new trial because its reasons for doing so are
invalid, unsupported by the record, erroneous, and implausible.  

            Mandamus is an extreme remedy.  We may issue a writ of mandamus only when the
record establishes (1) a clear abuse of discretion or the violation of a duty
imposed by law, and (2) the absence of a clear and adequate remedy at
law.  Columbia,
290 S.W.3d at 207; Cantu v. Longoria,
878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding) (per curiam).

            In Columbia, the Texas Supreme Court held that a trial court abused
its discretion by failing to specify the reasons for its decision granting a
new trial when the only reason stated was that the grant of a new trial was “in
the interest of justice.”  See Columbia, 290 S.W.3d at 213; In re E.I. du Pont de Nemours & Co.,
289 S.W.3d 861, 861–62 (Tex. 2009) (orig. proceeding).  The court concluded in Columbia that “the parties and public are entitled to an
understandable, reasonably specific explanation why their expectations [that a
jury verdict will close the trial process] are frustrated by a jury verdict
being disregarded, or set aside, the trial process being nullified, and the
case having to be retried.”  Columbia, 290 S.W.3d at 213.  The court conditionally granted mandamus
relief, and directed the trial court judge to specify its reasons for granting
a new trial.[3]
 Id.
at 215.  After the Columbia decision, an order which grants a new trial, but which
fails to specify the reasons for its grant, is subject to correction by
mandamus.  See E.I. du Pont de Nemours & Co., 289 S.W.3d at 862. 

            Here, as demonstrated in our
quotation of the trial court’s order, there is no question that the trial court
specified its reasoning in granting Boyd’s motion for new trial, thereby satisfying
the specificity and transparency requirements of Columbia.  However, Smith
argues that the Texas Supreme Court’s analysis in Columbia and its references to “proper reasons” and a “valid basis”
authorizes or dictates a review of the record in order to determine whether the
stated grounds are meritorious.  Smith
also cites to our opinion in In re Lufkin
Industries, Inc., 317 S.W.3d 516
(Tex. App.––Texarkana 2010, orig. proceeding), to support her argument.  However, we disagree that either Columbia or Lufkin authorizes or mandates such a merit-based review on
mandamus.

            In Lufkin, we held that “by stating that the trial court must have a ‘valid
basis’ for granting a new trial, the Court is, in effect, authorizing appellate
review of the reasons given.”  317 S.W.3d
at 520.  

            In Columbia, the Texas Supreme Court firmly reiterated and reaffirmed
the trial court’s broad, but not “limitless,” discretion in granting new
trials.[4]
 See Columbia, 290 S.W.3d at 209, 212 (citing Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917–18 (Tex. 1985) (orig. proceeding)).  The Texas Supreme Court’s expressed purpose
for the requirement of stating an “understandable, reasonably specific
explanation” for the grant of a new trial was to support via the transparency
that such explanation would provide the public perception of fairness in the
judiciary.  See Columbia, 290 S.W.3d at 213. 
The court also noted the trial court’s role as arbiter of motions for
new trial under Rule 320 of the Texas Rules of Civil Procedure and expressly
declined to define “good cause” in the context of the rules governing new trial
orders except to note that the significance of the right to a jury trial “counsels
against courts setting aside jury verdicts for less than specific, significant,
and proper reasons.”  Columbia, 290 S.W.3d at 210 n.3.  It is the reference to “proper reasons” and “valid
basis” that Smith argues indicates the Texas Supreme Court’s intent for the
mandamus review authorized under Columbia
also includes review of the merits of the grounds stated in a new trial
order.  Id. at 212. 

            In Lufkin, this Court stated that the reasons given for the new trial
were subject to appellate review.  The
relator here argues that when we allowed an appellate review of the reasons the
trial court gave for granting the new trial, we were effectively authorizing a
sufficiency of the evidence review.  If
that was the interpretation of our previous statement, we now will attempt to
further explain our understanding of the proper “appellate review” of a trial
court’s order granting a new trial.  

            In Lufkin, we determined that one of the reasons given by the trial
court for having granted a new trial met the Texas Supreme Court’s test and had
a valid basis.  Although we determined
that some type of review was authorized, we did not suggest the appellate
review authorized a full review of the sufficiency of the evidence.  In Lufkin,
the trial court found, among other reasons, that in violation of the court’s
ruling, an unredacted police report was submitted to the jury which informed
the jurors that the children in the back seat of the automobile were
unrestrained.  The fact that the improper
evidence was introduced was not in dispute. 
We further noted that the trial court observed the effect that this
improper evidence had on the jury.  We
commented on the unique opportunity which the trial judge held to observe the “dynamics
and atmosphere of the courtroom as well as the demeanor, tone, and tenor of the
witnesses, attorneys, and jurors--factors that may not be reflected in the
record.”  Lufkin, 317 S.W.3d at 521. 
The trial court’s stated reason for the new trial involved an event that
occurred during the trial and the resulting effect of that event.  Only a trial court was in a position to
observe the event and measure the impact the improper evidence had on the jury.
  

            We also pointed out that the trial
court indicated it had reviewed its own notes and noticed the “effect” of and “prejudice
and harm” caused by the inadmissible evidence. 
Id.  After such a review, we recognized the great
discretion of the trial court and its unique position to make firsthand
observations; we found that the decision to grant the new trial was within that
discretion.  Never in Lufkin did we state the proposition that
relator now argues:  that the appellate
court should review the entire record, as in an ordinary appeal, in our
mandamus review.  If our statements were
construed in that manner, we take this opportunity to clarify them.  We cannot, in a mandamus proceeding, explore
every nook and cranny of the evidence as if we were reviewing an ordinary
appeal.  In this proceeding, the relator
is requesting this Court to review all of the evidence and make a determination
of whether it supports the trial court’s stated reasons just as if we were
reviewing an ordinary appeal on the merits. 
We do not believe this is the procedure the Texas Supreme Court intended
in a mandamus proceeding and we decline the invitation to do so.  

            Given Columbia’s reaffirmation of a trial court’s broad discretion in
these circumstances as discussed above, we do not agree that the passing
references in that case to “proper reasons” and “valid” bases indicate the Texas
Supreme Court’s intention to add a merits review of the grounds stated in an
order which otherwise satisfies the specificity requirement.  Such an interpretation would be tantamount to
creating an avenue for an interlocutory appeal of an order granting a new trial
under the guise of a mandamus proceeding.  Heretofore, such a review has long been held
to be afforded only on appeal from a final judgment.  Champion Int’l Corp. v. Twelfth Court of
Appeals, 762 S.W.2d 898, 899 (Tex.
1988) (orig. proceeding) (per curiam).  The recent requirement that the trial court state
its reasons for granting a new trial serves at least two valid functions:  (1) the disclosure makes the judicial process
more transparent, and (2) it points out to the participants in the trial the
problems the trial judge perceived in the original trial so that the
participants can work to avoid the perceived errors when the case is tried
again.  We do not believe that it was the
intention of the Texas Supreme Court in announcing its decision in Columbia to create a back door via
mandamus proceedings for interlocutory appeals of that nature.

            In this case, it cannot be said that
the trial court’s order fails to serve the goal of judicial transparency cited
in Columbia, and that as such, the
order serves to bolster the perception that this jury verdict was not set aside
lightly.  See Columbia, 290 S.W.3d at 211. 
Because the new trial order in this case satisfied the requirements of Columbia, Smith has not demonstrated a
clear abuse of discretion.  

            Accordingly,
we deny Smith’s petition for mandamus relief.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February
3, 2011

Date Decided:             February
4, 2011











[1]Stemming
from the work of James Clerk Maxwell and Henri Poincaré, and later popularized
by Edward Lorenz, the term “butterfly effect” is based in chaos theory and
sensitive dependence on the initial conditions of complex systems.  The
idea that one butterfly could eventually have a far-reaching ripple effect on
subsequent events first appeared in Ray Bradbury’s 1952 short story, A Sound of Thunder. 





[2]We
discuss the first two points together. 
Because we find no clear abuse of discretion, we need not address the
other points of error. 





[3]Because
the Columbia trial court’s order did
not include the reasons for its ruling, the court expressly declined to
consider the relator’s petition for writ of mandamus directing the trial court
to enter judgment on the verdict. Columbia,
290 S.W.3d at 214.





[4]In
Columbia, the court noted the two
instances when a trial court’s new trial order is subject to review by regular
appeal:  (1) when the court’s order is
void; and (2) when the trial court erroneously concluded that the jury’s answer
to special issues contained an irreconcilable conflict.  Columbia, 290 S.W.3d at 209.