**In re E.I. DU PONT DE NEMOURS AND COMPANY, Relators.**

No. 08–0625.

Supreme Court of Texas.

July 3, 2009.

Sandra F. Clark, M.C. Carrington, Mike A. Hatchell, Charles R. Watson Jr., Sarah B. Duncan, Larry E. Cotten, Dennis M. Conrad, Steven James Gordon, for E.I. du Pont de Nemours and Company.

Glen W. Morgan, Christopher Michael Portner, for Caryl Richardson.

Justice JOHNSON delivered the opinion of the Court, in which Justice HECHT, Justice WAINWRIGHT, Justice BRISTER, and Justice WILLETT joined.

At issue in this mandamus proceeding is whether the trial court abused its discretion by disregarding the jury verdict and granting a new trial without giving its reasons for doing so. Based on *In re Columbia Medical Center of Las Colinas,* 290 S.W.3d 204, 2009 WL 1900509 (Tex. 2009), we hold that it did and grant relief.

Willis Whisnant's estate and beneficiaries (collectively, Whisnant) sued E.I. du Pont de Nemours and Company (DuPont) for wrongful death. Whisnant asserted that Willis was exposed to asbestos fibers while working for DuPont, which caused him to develop mesothelioma. After a five-week trial, the jury failed to find DuPont negligent and the trial judge entered a take nothing judgment. Whisnant filed a motion for new trial. The grounds were (1) the verdict was contrary to the weight of the evidence, and (2) some jurors may have read newspaper articles about the trial that Whisnant contended were biased toward DuPont. The trial court granted Whisnant's motion for new trial but did not state a reason for doing so.

DuPont sought, but was denied, a writ of mandamus from the court of appeals. In this Court, DuPont argues that the trial court abused its discretion by (1) granting a new trial without stating a reason for disregarding the jury verdict, and (2) granting the new trial motion in any event.

In *In re Columbia,* we held that a trial court acted arbitrarily and abused its dis-

cretion by not specifically and in a reasonable manner setting out the reasons it disregarded a jury verdict and granted a new trial. *Id.* at 214. We also held that the relator did not have an adequate remedy by appeal. *Id.* at 207. We granted mandamus relief directing the trial court to set out its reasons for disregarding the jury verdict. *Id.* Based on our holding in *In re Columbia,* DuPont is entitled to relief.

In addition to seeking the reasons for the trial court's disregarding the jury verdict in its favor, DuPont asks that we review the grounds Whisnant asserted in his motion for new trial to determine whether granting his motion on any of those grounds would have been an abuse of discretion. We decline to do so. We do not presume the trial court limited its consideration of grounds for granting the motion to only the grounds asserted in the motion; it may have granted the motion on other grounds. *See id.* at 207. Accordingly, we deny, without prejudice, any relief beyond directing the trial court to specify its reasons for granting the new trial.

Without hearing oral argument, we conditionally grant DuPont's petition for writ of mandamus. *See* Tex.R.App. P. 52.8(c). The trial court is directed to specify the reasons for which it disregarded the jury verdict and ordered a new trial. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

Justice O'NEILL filed a dissenting opinion, in which Chief Justice JEFFERSON, Justice MEDINA, and Justice GREEN joined.

Justice O'NEILL, joined by Chief Justice JEFFERSON, Justice MEDINA, and Justice GREEN, dissenting.

For the reasons expressed today in my dissenting opinion in *In re Columbia Med-ical Center of Las Colinas,* Cause No. 06–0416, 290 S.W.3d 204 I respectfully dissent.