**In re CARRIZO OIL & GAS CO. and James Bristol.**

No. 09–09–00257–CV.

Court of Appeals of Texas, Beaumont.

Submitted June 22, 2009.

Decided July 16, 2009.

Kathleen M. Kennedy, Mehaffy Weber, Beaumont, for Relator.

Brett S. Thomas, Roebuck Thomas Roebuck & Adams, Beaumont, for real party in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

PER CURIAM.

In this petition for writ of mandamus, relators Carrizo Oil & Gas Co. and James Bristol contend the trial court abused its discretion by granting a motion for new trial filed by Ronald Lewis after the trial court entered a take-nothing judgment on a jury verdict that found negligence solely on the part of a designated responsible third party.

Carrizo Oil and Bristol contend the trial court abused its discretion by granting a motion for new trial. According to the relators, the trial court abused its discretion in granting a new trial because the trial court did not believe the testimony of one witness. They argue the trial court usurped the role of the jury.

Lewis raised only one ground in support of his motion for new trial: that "the great weight and preponderance of the evidence supports a finding that Defendants Bristol and Carrizo were negligent, and the jury's answer of no negligence is manifestly unjust." Lewis's motion for new trial alleged:

> Plaintiffs sued Defendant [as] a result of the acts and omissions of the Defendant, and that such conduct caused injuries and damages. The evidence conclusively established that the Defendant was negligent. In fact, the Defendants James Bristol/Carrizo Oil & Gas, admitted that a duty existed to move Plaintiff out of harm's way (an alleged pinch point) prior to the beginning of the cas-

ing operation. However, against the great weight and preponderance of the evidence, the jury found that the negligence of Premiere, Inc[.], the plaintiff's employer[,] was the sole cause of the accident, and Plaintiff's injuries. Since this finding was against the great weight and preponderance of the evidence, Plaintiff is entitled to a new trial.

 The Rules of Civil Procedure recognize the trial court has the power to grant a motion for new trial "for good cause." *See* TEX.R. CIV. P. 320. Trial courts have "significant discretion in granting new trials." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.,* 290 S.W.3d 204, 212 (Tex.2009). However, this discretion is not without limitation. The trial court must set out with reasonable specificity its reasons for granting a new trial. *Id.* at 212–214. Because the trial court's order does not give any reason for the decision to set aside the jury verdict and grant a new trial, the trial court abused its discretion. *See id.* at 212–213. For that reason, we conditionally grant the petition for writ of mandamus. We are confident the trial court will comply with this order, and the writ will issue only in the event that it does not.

WRIT CONDITIONALLY GRANTED.