**In re UNITED SCAFFOLDING, INC., Relator.**

No. 09–0403.

Supreme Court of Texas.

Jan. 15, 2010.

Kathleen Marie Kennedy, Mehaffy Weber PC, Beaumont, TX, for Relator, United Scaffolding, Inc.

we do not discuss the fair-play-and-substantial-justice prong of personal jurisdiction.

Timothy W. Ferguson, Lauren E. Marshall, Suzanne F. Schaper, Ferguson Firm, Beaumont, TX, for Real Party in Interest, James Levine.

PER CURIAM.

In this original proceeding we consider whether the trial court abused its discretion by disregarding a jury verdict and granting a new trial when the reason it gave for doing so was "in the interest of justice and fairness." Based on our decision in *In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204 (Tex.2009), we hold that it did and conditionally grant relief in part.

James and Lisa Levine sued United Scaffolding, Inc. for damages because of injuries James suffered when he fell from scaffolding built by United. Following a jury trial, and based on the verdict, the trial court signed a judgment in favor of the Levines. The Levines filed a motion for new trial. They asserted that (1) the jury findings of no damages for physical pain and suffering, mental anguish, physical impairment, past medical care, and loss of earning capacity were against the great weight and preponderance of the evidence; (2) the damages awarded were manifestly too small; and (3) the trial court should grant a new trial in the interest of fairness and justice. The trial court granted the Levines' motion. It stated in its order that "[a]fter considering Plaintiffs['] ... Motion for New trial, the court GRANTS the motion and orders [a] new trial in the interest of justice and fairness."

■ Asserting that the trial court abused its discretion in disregarding the jury verdict, United petitioned the court of appeals for writ of mandamus. A divided court denied relief. 287 S.W.3d 274. United now seeks mandamus relief here. It argues that the trial court abused its discretion by granting the Levines' motion

when (1) the only reason given for granting the motion was "in the interest of justice and fairness," and (2) the jury verdict was supported by sufficient evidence.

After the court of appeals issued its opinion, we held that a trial court acts arbitrarily and abuses its discretion if it disregards a jury verdict and grants a new trial, but does not specifically set out its reasons. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 212–13 (Tex. 2009). We also held that (1) stating the new trial is granted "in the interests of justice and fairness" is not a sufficiently specific reason, and (2) a relator challenging such an order does not have an adequate remedy by appeal. *Id.* at 206, 209–10, 213.

The Levines assert that this case is distinguishable from *Columbia* because the trial court in this case specifically considered and adopted the motion for new trial and the motion clearly identified the specific grounds warranting a new trial. We disagree that the trial court's order is as clear as the Levines argue it is. The order generally granted the motion, then specified one reason for granting it: in the interest of justice and fairness.

The Levines also make arguments advanced by the dissent in *Columbia*: (1) mandamus is not the proper vehicle to implement the change of requiring trial judges to specify reasons for granting a new trial, and (2) the benefits of a prompt retrial outweigh the detriments of interlocutory appellate review. *Id.* at 215–16, 219–20 (O'Neill, J., dissenting). Those arguments were addressed and rejected in *Columbia*. *Id.* at 209–10, 214. We reject them again today for the reasons expressed in *Columbia*.

■ The Levines argue that the trial judge did not abuse his discretion because he followed the applicable law in effect at

the time he issued the order granting a new trial. However, an erroneous legal conclusion is an abuse of discretion, even if it may not have been clearly erroneous when made. *See id.* at 213; *Huie v. De-Shazo,* 922 S.W.2d 920, 927–28 (Tex.1996) (rejecting a party's claim that a trial court could not have abused its discretion in resolving an issue of first impression because an "erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion").

Accordingly, based on our decision in *Columbia,* we hold that the trial court abused its discretion by failing to give a specific reason for granting the new trial, and that United does not have an adequate appellate remedy.

United also asserts that the trial court abused its discretion by granting the new trial motion because the grounds in the motion were based on jury findings and the jury's verdict was supported by sufficient evidence. But we do not presume the trial court granted the new trial on grounds asserted in the motion. *See Columbia,* 290 S.W.3d at 213. Because we do not know the reason the trial court granted the new trial, we will not grant relief other than directing the trial court to specify its reasons for granting the new trial.

Without hearing oral argument, we conditionally grant, in part, United's petition for writ of mandamus. *See* TEX.R.APP. P. 52.8(c). We direct the trial court to specify its reasons for disregarding the jury verdict and ordering a new trial. We deny United's petition seeking mandamus directing the trial court to set aside its order granting a new trial. We are confident the trial court will comply, and the writ will issue only if it fails to do so.