*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# OPINION

No. 04-09-00814-CV

## IN RE C.R.S.

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:          Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Marialyn Barnard, Justice

Delivered and Filed: February 10, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On December 21, 2009, relator, Steven Anthony Schutze, filed a petition for writ of mandamus, complaining of the trial court's December 16, 2009 order granting a new trial. Relator asserts the trial court abused its discretion by (1) granting a new trial without stating its reasons for disregarding the jury's verdict in violation of *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 213 (Tex. 2009), and (2) granting a new trial in contravention of the jury's verdict in violation of Texas Family Code section 105.002(c)(1)(D).

The underlying proceeding is a child custody suit. Following a trial on the merits on October 5-7, 2009, the jury returned its verdict naming relator, the child's father, the parent with the exclusive

---

[1] This proceeding arises out of Cause No. 08-10-0833-CVA, styled *In the Interest of C.R.S.*, pending in the 81st Judicial District Court, Atascosa County, Texas, the Honorable Donna Rayes presiding.

right to designate the child's residence. After dismissing the jury, the trial court announced it was *sua sponte* granting a new trial in the case, but did not sign an order granting a new trial. Relator then filed a motion for reconsideration, and the trial court subsequently entered a judgment consistent with the jury's verdict. Real party in interest, Kianna Dawkins, who is the child's mother, filed a motion for new trial and subsequently an amended motion for new trial. After conducting a hearing on the motion, the trial court signed an order granting a new trial on December 16, 2009. The order provided that "in the interest of justice and fairness and in the child's best interest, good cause exists to grant a new trial." This petition for writ of mandamus ensued.

While a trial court has significant discretion in granting new trials, the trial court must specify the reasons it disregarded the jury's verdict by granting a new trial. *See In re Columbia*, 290 S.W.3d at 215. "The reasons should be clearly identified and reasonably specific. Broad statements such as 'in the interest of justice' are not sufficiently specific." *Id.* We conclude the trial court abused its discretion because the order granting the new trial fails to clearly identify and reasonably specify the reasons the new trial was granted in violation of *In re Columbia*. *Id.*

Relator further asks this court to reinstate the jury's verdict, asserting the trial court's order granting a new trial contravened the jury's verdict in violation of Texas Family Code section 105.002(c)(1)(D). However, the trial court has not stated its specific grounds for refusing to enter judgment on the jury's verdict and granting a new trial. *See In re Columbia*, 290 S.W.3d at 214. Therefore, we decline to consider whether the trial court's order granting a new trial contravened the jury's verdict in violation of Texas Family Code section 105.002(c)(1)(D). *Id.* (holding that the Court "decline[s] to consider whether mandamus relief is available as to the trial court's action in disregarding the jury verdict" because the trial court failed to state the specific grounds for refusing

to enter judgment on the jury's verdict and granting a new trial). As a result of the foregoing, we deny, without prejudice, relator's request for a writ of mandamus directing the trial court to enter judgment on the verdict. *Id*.

Accordingly, we deny, without prejudice, any relief beyond directing the trial court to specify its reasons for granting the new trial. We conditionally grant the petition for writ of mandamus and direct the trial court to specify the reasons it refused to enter judgment on the jury's verdict and ordered a new trial. The writ will issue only if the trial court fails to comply with this opinion within 20 days.

Marialyn Barnard, Justice