NUMBER 13-11-00277-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE:  MOTOR TRIKE, INC.

 

 



On Petition for Writ of Mandamus.

 

 



O P I N I O N

 

Before Chief Justice Valdez and Justices Rodriguez
and Benavides

Opinion by
Justice Benavides[1]

Through this original proceeding, relator, Motor Trike, Inc. (“Motor Trike”), seeks to compel the trial court to
either enter a take-nothing judgment on the jury’s verdict or to “enter a
written order specifying in reasonable detail the reasons for its refusal to
enter judgment on the jury’s verdict and order for a new trial.”  For the
reasons stated herein, we conditionally grant the petition for writ of
mandamus.

 

I.  Background

Ron Hoover Companies of Rockport,
Inc. (“Hoover”) purchased a 2005 Honda Goldwing 1800 Motortrike from Jeffrey L.
Vey and Motor Trike.  In May 2007, Hoover brought suit against Vey and Motor
Trike for breach of contract.  According to Hoover’s first amended petition,
Vey and Motor Trike misrepresented the sale price of the Motortrike to Hoover as
a “wholesale” price and further failed to transfer title of the Motortrike to
Hoover.  

On April 14, 2008, the trial court
granted a take-nothing summary judgment on Hoover’s claims against Vey.  Hoover’s
claims against Motor Trike were tried before a jury in September 2010.  On or
about September 15, 2010, the jury rendered its verdict answering all liability
questions in the negative.  

On September 21, 2010, Hoover filed
“Plaintiff’s Motion to Disregard Jury Findings and Enter Judgment for Plaintiff.” 
This motion was apparently heard on September 30, 2010, although neither Motor
Trike nor Hoover has furnished us with a reporter’s record regarding that hearing. 
On that date, the trial court entered a notation on its docket sheet stating
that it “grants Motion for New Trial as to Issue of Delivery of Documents
necessary to Deliver Title only – Need – Damages issue only.”  

On November 19, 2010, the trial
court issued a “Notice of Setting” whereby it set the matter for jury trial on
July 18, 2011.  On or about January 18, 2011, Motor Trike filed a motion
requesting that the trial court enter a written order setting forth the trial
court’s ruling on Hoover’s motion to disregard.  The trial court did not issue
a ruling on this motion or otherwise enter any written order granting a new
trial in this cause.

Motor Trike filed this original
proceeding and a motion for temporary relief on May 2, 2011, seeking to compel
the trial court to either:  (1) enter a written order specifying in reasonable
detail the reasons for its refusal to enter judgment on the jury’s verdict and
order for a new trial; or (2) enter a take-nothing judgment based on the jury’s
verdict.  This Court carried the motion for temporary relief with the case and
requested that Hoover file a response to the petition for writ of mandamus.  

Hoover’s response to the petition
for writ of mandamus was filed on May 18, 2011.  According to Hoover, it “does
not oppose [Motor Trike’s] request for a formal, written order from the trial
court specifying the reasons for disregarding the jury’s verdict . . . and
granting a new trial,” but nevertheless requests that the petition be denied “conditioned
on Hoover’s submission of a proposed order to the trial court within thirty
(30) days.”  

On May 26, 2011, we abated this
original proceeding for a period of fourteen days for the trial court to
consider the matters herein.  We directed Motor Trike to file with this Court,
on or before June 8, 2011, a supplemental record including any order issued by
the trial court pertaining to the subject matter of this proceeding and a
motion informing us whether it still seeks mandamus relief or whether this
original proceeding has been rendered moot. 

On June 8, Motor Trike filed a
motion to retain this original proceeding on our docket and a supplemental
record.  According to Motor Trike, after we abated this proceeding, Hoover
filed with the trial court a proposed order granting a new trial which stated
that the court “finds that the Jury’s answer to Question No. 4 is against the
great weight and preponderance of the evidence” and, “in the interest of
justice,” grants the motion for new trial in part and denies it in part.  Motor
Trike filed an objection to that order and requested entry of judgment on the
verdict.  According to the motion to retain, the trial court has not yet entered
an order granting or denying a new trial.  Accordingly, Motor Trike requests
that this Court retain this matter on its docket and grant mandamus relief.  We
REINSTATE this original proceeding and GRANT Motor Trike’s motion to retain.

II.  Standard for
Mandamus Relief

Mandamus is an “extraordinary” remedy.  In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007)
(orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  To obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator
has no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); see In re McAllen Med.
Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).  A trial
court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to constitute a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  Whether a clear abuse of discretion can be adequately remedied by
appeal depends on a careful analysis of the costs and benefits of interlocutory
review.  See In re McAllen Med. Ctr., Inc., 275 S.W.3d at 462. 
Sometimes, “[a]n appellate remedy is ‘adequate’ when any benefits to mandamus
review are outweighed by the detriments.”  In re Prudential Ins. Co. of Am.,
148 S.W.3d at 136.  According to the Texas Supreme Court: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise prove
elusive in appeals from final judgments, and spare private parties and the
public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings. 

 

Id.  

The Texas Supreme Court has held
that a trial court acts arbitrarily and abuses its discretion if it disregards
a jury verdict and grants a new trial, but does not specifically set out its
reasons.  In re United Scaffolding, Inc., 301 S.W.3d 661, 662 (Tex.
2010) (orig. proceeding) (per curiam); In re Columbia Med. Ctr. of Las
Colinas, 290 S.W.3d 204, 212–13 (Tex. 2009) (orig. proceeding); In re
E.I. du Pont de Nemours & Co., 289 S.W.3d 861, 862 (Tex. 2009) (orig.
proceeding).  The supreme court also held that a relator challenging such an
order does not have an adequate remedy by appeal.  In re United Scaffolding,
Inc., 301 S.W.3d at 662; In re Columbia Med. Ctr. of Las Colinas,
290 S.W.3d at 212 at 206, 209-10, 213; In re E.I. du Pont de Nemours &
Co., 289 S.W.3d at 862.

III.  Analysis

The Texas Rules of Civil Procedure
recognize that the trial court has the power to grant a motion for new trial “for
good cause.”  See Tex. R. Civ. P.
320.  In 2009, the Texas Supreme Court held that, while the trial court
has significant discretion to grant a new trial, the trial court is required to
specify its reasons for ordering a new trial.  In re Columbia Med. Ctr. of
Las Colinas, 290 S.W.3d at 212–13. In so holding, the court reasoned that “the
parties and public are entitled to an understandable, reasonably specific
explanation why their expectations [that a jury verdict will close the trial
process] are frustrated by a jury verdict being disregarded, or set aside, the
trial process being nullified, and the case having to be retried.”  Id. at
213.  Consequently, the court held that the “reasons [for granting a new trial]
should be clearly identified and reasonably specific,” and further directed
that “[b]road statements such as ‘in the interest of justice’ are not
sufficiently specific.”  See id. at 215.  In 2010, the supreme court
reiterated its directive that orders granting new trials must specifically
identify the grounds warranting a new trial.  In re United Scaffolding, Inc.,
301 S.W.3d at 662 (granting mandamus relief regarding an order granting a new
trial “in the interest of justice and fairness”).  Following the supreme court’s
directives, the intermediate courts of appeals have likewise found similar
orders granting new trials to be insufficiently specific.  See, e.g., In re
Hunter, 306 S.W.3d 422, 423 (Tex. App.—Dallas 2010, orig. proceeding); In
re C.R.S., 310 S.W.3d 897, 898 (Tex. App.—San Antonio 2010, orig.
proceeding); In re Carrizo Oil & Gas Co., 292 S.W.3d 763, 764 (Tex.
App.—Beaumont 2009, orig. proceeding); see also In re Smith, No.
02-10-00173-CV, 2010 Tex. App. LEXIS 4641, at **1–2 (Tex. App.—Fort Worth June
17, 2010, orig. proceeding) (mem. op.).

More than eight months ago, the jury
rendered its verdict in the underlying lawsuit.  More than six months ago, the
trial court issued a notice setting the matter for a new trial in July. 
Nevertheless, the trial court has not issued a written order granting a new
trial and specifying its reasons for so doing.  Based on the foregoing
analysis, the trial court’s failure to disclose its reasons for granting a new
trial was an arbitrary and impermissible abuse of discretion.  In re United
Scaffolding, Inc., 301 S.W.3d at 662; In re Columbia Med. Ctr. of Las Colinas,
290 S.W.3d at 206, 209-10, 213; In re E.I. du Pont de Nemours & Co.,
289 S.W.3d at 862.

 

 

 

 

IV.  Conclusion

 

The Court, having examined and
fully considered the petition for writ of mandamus, the response thereto, the
motion to retain, and the supplemental record, is of the opinion that Motor
Trike has shown itself entitled to the relief sought.  Accordingly, we
conditionally grant relator’s petition for writ of mandamus.  We direct the trial
court to issue an order specifying its reasons for ordering a new trial within
fourteen days.  We are confident that the trial court will comply, and the writ
will issue only if the trial court fails to do so.  Given our disposition of
this original proceeding, the motion for temporary relief, previously carried
with the case, is DENIED.   

 

 

 

________________________

GINA M. BENAVIDES,

Justice

 

 

Delivered and filed the

17th day of June, 2011.

                                                

                                                                                                

 









[1] See Tex.
R. App. P. 52.8(d) (“When granting relief, the court must hand down an
opinion as in any other case,” but when “denying relief, the court may hand
down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).