

**NUMBER 13-11-00277-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE: MOTOR TRIKE, INC.**

---

**On Petition for Writ of Mandamus.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Opinion by Justice Benavides**[1]

Through this original proceeding, relator, Motor Trike, Inc. ("Motor Trike"), seeks to compel the trial court to either enter a take-nothing judgment on the jury's verdict or to "enter a written order specifying in reasonable detail the reasons for its refusal to enter judgment on the jury's verdict and order for a new trial." For the reasons stated herein, we conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

Ron Hoover Companies of Rockport, Inc. ("Hoover") purchased a 2005 Honda Goldwing 1800 Motortrike from Jeffrey L. Vey and Motor Trike. In May 2007, Hoover brought suit against Vey and Motor Trike for breach of contract. According to Hoover's first amended petition, Vey and Motor Trike misrepresented the sale price of the Motortrike to Hoover as a "wholesale" price and further failed to transfer title of the Motortrike to Hoover.

On April 14, 2008, the trial court granted a take-nothing summary judgment on Hoover's claims against Vey. Hoover's claims against Motor Trike were tried before a jury in September 2010. On or about September 15, 2010, the jury rendered its verdict answering all liability questions in the negative.

On September 21, 2010, Hoover filed "Plaintiff's Motion to Disregard Jury Findings and Enter Judgment for Plaintiff." This motion was apparently heard on September 30, 2010, although neither Motor Trike nor Hoover has furnished us with a reporter's record regarding that hearing. On that date, the trial court entered a notation on its docket sheet stating that it "grants Motion for New Trial as to Issue of Delivery of Documents necessary to Deliver Title only – Need – Damages issue only."

On November 19, 2010, the trial court issued a "Notice of Setting" whereby it set the matter for jury trial on July 18, 2011. On or about January 18, 2011, Motor Trike filed a motion requesting that the trial court enter a written order setting forth the trial court's ruling on Hoover's motion to disregard. The trial court did not issue a ruling on this motion or otherwise enter any written order granting a new trial in this cause.

Motor Trike filed this original proceeding and a motion for temporary relief on May 2, 2011, seeking to compel the trial court to either: (1) enter a written order specifying in reasonable detail the reasons for its refusal to enter judgment on the jury's verdict and order for a new trial; or (2) enter a take-nothing judgment based on the jury's verdict. This Court carried the motion for temporary relief with the case and requested that Hoover file a response to the petition for writ of mandamus.

Hoover's response to the petition for writ of mandamus was filed on May 18, 2011. According to Hoover, it "does not oppose [Motor Trike's] request for a formal, written order from the trial court specifying the reasons for disregarding the jury's verdict . . . and granting a new trial," but nevertheless requests that the petition be denied "conditioned on Hoover's submission of a proposed order to the trial court within thirty (30) days."

On May 26, 2011, we abated this original proceeding for a period of fourteen days for the trial court to consider the matters herein. We directed Motor Trike to file with this Court, on or before June 8, 2011, a supplemental record including any order issued by the trial court pertaining to the subject matter of this proceeding and a motion informing us whether it still seeks mandamus relief or whether this original proceeding has been rendered moot.

On June 8, Motor Trike filed a motion to retain this original proceeding on our docket and a supplemental record. According to Motor Trike, after we abated this proceeding, Hoover filed with the trial court a proposed order granting a new trial which stated that the court "finds that the Jury's answer to Question No. 4 is against the great weight and preponderance of the evidence" and, "in the interest of justice," grants the

3

motion for new trial in part and denies it in part. Motor Trike filed an objection to that order and requested entry of judgment on the verdict. According to the motion to retain, the trial court has not yet entered an order granting or denying a new trial. Accordingly, Motor Trike requests that this Court retain this matter on its docket and grant mandamus relief. We REINSTATE this original proceeding and GRANT Motor Trike's motion to retain.

## II. Standard for Mandamus Relief

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.*

The Texas Supreme Court has held that a trial court acts arbitrarily and abuses its discretion if it disregards a jury verdict and grants a new trial, but does not specifically set out its reasons. *In re United Scaffolding, Inc.*, 301 S.W.3d 661, 662 (Tex. 2010) (orig. proceeding) (per curiam); *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 212–13 (Tex. 2009) (orig. proceeding); *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d 861, 862 (Tex. 2009) (orig. proceeding). The supreme court also held that a relator challenging such an order does not have an adequate remedy by appeal. *In re United Scaffolding, Inc.*, 301 S.W.3d at 662; *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 212 at 206, 209-10, 213; *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d at 862.

### III. ANALYSIS

The Texas Rules of Civil Procedure recognize that the trial court has the power to grant a motion for new trial "for good cause." *See* TEX. R. CIV. P. 320. In 2009, the Texas Supreme Court held that, while the trial court has significant discretion to grant a new trial, the trial court is required to specify its reasons for ordering a new trial. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 212–13. In so holding, the court reasoned that "the parties and public are entitled to an understandable, reasonably specific explanation why their expectations [that a jury verdict will close the trial process]

5

are frustrated by a jury verdict being disregarded, or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 213. Consequently, the court held that the "reasons [for granting a new trial] should be clearly identified and reasonably specific," and further directed that "[b]road statements such as 'in the interest of justice' are not sufficiently specific." *See id.* at 215. In 2010, the supreme court reiterated its directive that orders granting new trials must specifically identify the grounds warranting a new trial. *In re United Scaffolding, Inc.*, 301 S.W.3d at 662 (granting mandamus relief regarding an order granting a new trial "in the interest of justice and fairness"). Following the supreme court's directives, the intermediate courts of appeals have likewise found similar orders granting new trials to be insufficiently specific. *See, e.g., In re Hunter*, 306 S.W.3d 422, 423 (Tex. App.—Dallas 2010, orig. proceeding); *In re C.R.S.*, 310 S.W.3d 897, 898 (Tex. App.—San Antonio 2010, orig. proceeding); *In re Carrizo Oil & Gas Co.*, 292 S.W.3d 763, 764 (Tex. App.—Beaumont 2009, orig. proceeding); *see also In re Smith*, No. 02-10-00173-CV, 2010 Tex. App. LEXIS 4641, at **1–2 (Tex. App.—Fort Worth June 17, 2010, orig. proceeding) (mem. op.).

More than eight months ago, the jury rendered its verdict in the underlying lawsuit. More than six months ago, the trial court issued a notice setting the matter for a new trial in July. Nevertheless, the trial court has not issued a written order granting a new trial and specifying its reasons for so doing. Based on the foregoing analysis, the trial court's failure to disclose its reasons for granting a new trial was an arbitrary and impermissible abuse of discretion. *In re United Scaffolding, Inc.*, 301 S.W.3d at 662; *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 206, 209-10, 213; *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d at 862.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, the motion to retain, and the supplemental record, is of the opinion that Motor Trike has shown itself entitled to the relief sought. Accordingly, we conditionally grant relator's petition for writ of mandamus. We direct the trial court to issue an order specifying its reasons for ordering a new trial within fourteen days. We are confident that the trial court will comply, and the writ will issue only if the trial court fails to do so. Given our disposition of this original proceeding, the motion for temporary relief, previously carried with the case, is DENIED.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
17th day of June, 2011.