02-12-320-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00320-CV

 

 


 
 
 In the Interest of A.R. and I.R., Children
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 324th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The
trial court signed a default order in suit affecting the parent-child
relationship on May 11, 2012.  Appellee J.D. filed a timely motion to set
aside the default judgment, which the trial court granted on July 23,
2012, while it still had plenary jurisdiction over the case.  See Tex.
R. Civ. P. 329b(e).  Appellant R.R. filed a notice of appeal from the
July 23, 2012 order.

          On
August 10, 2012, we notified Appellant that it appeared the trial court’s
granting of a new trial rendered this appeal moot and that we would dismiss the
appeal unless Appellant filed a response stating grounds for continuing the
appeal.  See, e.g., In re C.D.E., No. 02-12-00051-CV, 2012 WL
955381, at *1 (Tex. App.—Fort Worth Mar. 22, 2012, no pet.) (mem. op.)
(dismissing appeal as moot after trial court granted motion for new trial). 
Appellant filed a response explaining that he sought to appeal the order
granting a new trial because it “falls within the rules established by” In re
Columbia Medical Center, 290 S.W.3d 204 (Tex. 2009).  However, to the extent
that Appellant seeks to challenge the specificity of the trial court’s order
granting a new trial, see id. at 205, a petition for writ of mandamus is
the appropriate means by which to do so, not a direct appeal.  See id. at
209–10 (explaining in original proceeding that relator did not have an adequate
remedy by appeal to challenge the specificity of the new trial order because
“only in two instances have new trial orders rendered during the time a trial
court has plenary power been reviewable by an appellate court:  when
the trial court’s order was void and when the trial court erroneously concluded
that the jury’s answers to special issues were irreconcilably in conflict”); see
also In re E.I. du Pont de Nemours and Co., 289
S.W.3d 861, 861–62 (Tex. 2009).  Accordingly, we dismiss this appeal for want
of jurisdiction.  See Tex. R. App. P. 43.2(f).

 

PER CURIAM

 

PANEL: 
MEIER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DELIVERED:  September 13,
2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00320-CV

 

 


 
 
 In
 the Interest of A.R. and I.R., Children
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 324th District
 Court
  
 of
 Tarrant County (324-426328-07)
  
 September
 13, 2012
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 









[1]See Tex. R. App. P. 47.4.