

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00320-CV

---

IN THE INTEREST OF A.R. AND
I.R., CHILDREN

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court signed a default order in suit affecting the parent-child relationship on May 11, 2012. Appellee J.D. filed a timely motion to set aside the default judgment, which the trial court granted on July 23, 2012, while it still had plenary jurisdiction over the case. *See* Tex. R. Civ. P. 329b(e). Appellant R.R. filed a notice of appeal from the July 23, 2012 order.

On August 10, 2012, we notified Appellant that it appeared the trial court's granting of a new trial rendered this appeal moot and that we would dismiss the

---

[1]*See* Tex. R. App. P. 47.4.

appeal unless Appellant filed a response stating grounds for continuing the appeal. *See, e.g., In re C.D.E.*, No. 02-12-00051-CV, 2012 WL 955381, at *1 (Tex. App.—Fort Worth Mar. 22, 2012, no pet.) (mem. op.) (dismissing appeal as moot after trial court granted motion for new trial). Appellant filed a response explaining that he sought to appeal the order granting a new trial because it "falls within the rules established by" *In re Columbia Medical Center*, 290 S.W.3d 204 (Tex. 2009). However, to the extent that Appellant seeks to challenge the specificity of the trial court's order granting a new trial, *see id.* at 205, a petition for writ of mandamus is the appropriate means by which to do so, not a direct appeal. *See id.* at 209–10 (explaining in original proceeding that relator did not have an adequate remedy by appeal to challenge the specificity of the new trial order because "only in two instances have new trial orders rendered during the time a trial court has plenary power been reviewable by an appellate court: when the trial court's order was void and when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict"); *see also In re E.I. du Pont de Nemours and Co.*, 289 S.W.3d 861, 861–62 (Tex. 2009). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED: September 13, 2012

2