**DISMISS; and Opinion Filed April 2, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00047-CV

## WILBUR LEON BELL, Appellant
## V.
## CARNIVAL CORPORATION, CARNIVAL CRUISE LINE, CARNIVAL CONQUEST, Appellees

### On Appeal from the 44th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-1309652

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

Wilbur Leon Bell seeks review of the trial court's order granting appellee's motion for new trial and setting aside the default judgment. The trial court granted default judgment on October 30, 2013. On November 27, 2013, appellees moved to set aside the default judgment and for new trial. On December 23, 2013, the trial court granted appellees' motion, set aside the default judgment and granted a new trial. Appellant then filed a notice of appeal in this Court.

In a letter dated March 5, 2014, the Court questioned its jurisdiction over this appeal. Specifically, we questioned whether there was a final judgment because the trial court granted appellees' motion for new trial. We instructed appellant to file a letter brief addressing our concern and gave appellees the opportunity to respond. Both appellant and appellees have filed letter briefs regarding our jurisdictional question.

Generally, appeals may only be taken from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When a motion for new trial is granted, the case is reinstated on the trial court's docket and will stand for trial the same as though the previous judgment never existed. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). When a trial court grants a motion for new trial within its plenary power, such an order is not subject to direct review or from a final judgment rendered after further proceedings in the trial court. *See Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). An order granting a motion for new trial may be subject to mandamus review if the trial court did not specifically state its reasons for granting the new trial. S*ee In re United Scaffolding, Inc.*, 301 S.W.3d 661, 662 (Tex. 2010).

Here, appellees' motion for new trial was timely filed and the trial court granted the motion during its period of plenary power over the judgment. *See* TEX. R. CIV. P.329b (a), (e). Thus, the complained-of order is not subject to our direct review. And, because appellant's notice of appeal does not meet the requirements of Texas Rule of Appellate Procedure 52, we will not consider it as a petition for writ of mandamus. *See* TEX. R. APP. P. 52.

We dismiss this appeal for want of jurisdiction.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140047F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILBUR LEON BELL, Appellant

No. 05-14-00047-CV      V.

CARNIVAL CORPORATION,
CARNIVAL CRUISE LINE, AND
CARNIVAL CONQUEST, Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-1309652.
Opinion delivered by Justice O'Neill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED**.

It is **ORDERED** that appellee CARNIVAL CORPORATION, CARNIVAL CRUISE LINE, and CARNIVAL CONQUEST recover their costs of this appeal from appellant WILBUR LEON BELL.

Judgment entered this 2nd day of April, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE