Issued on December 4, 2008















In The
Court of Appeals
For The
First District of Texas

 ____________________

NO. 01-08-00804-CV

 ____________________

IN RE ROBERT ALPERT, ROMAN ALPERT, AND DANIEL ALPERT,
Relators









Original Proceeding on Petition for Writ of Mandamus









O P I N I O N




          This proceeding arises from related underlying trust management lawsuits
pending in Harris County probate court. Robert Alpert, Roman Alpert, and Daniel
Alpert (“the Alperts”) seek mandamus relief, requesting that the Presiding Judge of
the Statutory Probate Courts, the Honorable Guy Herman, vacate six orders
reassigning the lawsuits to a new judge, following recusal proceedings. The Alperts
further request that we order the Presiding Judge of the Second Administrative
Region, the Honorable Olen Underwood, to make the assignments.


 The Alperts
contend that Judge Herman’s appointment orders are void because Rule 18a of the
Texas Rules of Civil Procedure vests the authority to reassign cases following recusal
proceedings to the regional presiding judge, not the presiding judge of the probate
courts. We conclude that the appointment orders are void, but that Judge Underwood
has not demonstrated a refusal to make the assignments. Accordingly, we grant
mandamus relief in part and deny it in part. 
BACKGROUND

          In 1999, Roman and Daniel Alpert, the beneficiaries of the trusts giving rise
to the litigation, sued the court-appointed receiver, Karen S. Gerstner, and her law
firm, Davis Ridout Jones and Gerstner, L.L.P., for breach of fiduciary duty.


 The trial
court clerk assigned number 305,232-404 to the cause (“the Gerstner Proceeding”),
with the Honorable Mike Wood, Judge of the Harris County Probate Court Number
Two, presiding. The Alperts moved to recuse Judge Wood on January 7, 2008. 
Judge Wood declined to recuse himself and referred the motion to Judge Underwood,
the appropriate regional presiding judge. Judge Underwood assigned the Honorable
Lisa Burkhalter, Former Judge, County Court at Law, to hear the recusal motion. The
order of assignment stated, “This assignment shall continue as may be necessary for
the assigned Judge to make such orders, including those orders for interim or
ancillary relief, or until this assignment is terminated by the Presiding Judge.” After
conducting a hearing, Judge Burkhalter granted the Alpert’s motion to recuse. 
          On April 14, Judge Herman signed a minute order reassigning the Gerstner
Proceeding to Harris County Probate Court Number 3, the Honorable Rory Olsen
presiding. The minute order stated, in part,
Pursuant to the provisions of Section 25.0022 of the Texas Government
Code, and a [sic] pursuant to the order of recusal signed by Judge Lisa
Burkhalter on March 28, 2008, a necessity exists for the appointment of
a Statutory Probate Judge to preside for the Honorable Mike Wood 
. . . It is further ordered that Docket No. 305,232-404 . . . is reassigned
to Harris County Probate Court No. 3 under section 4.3 of the Local
Rules for the Probate Courts of Harris County. . . .
 
The Alperts objected to Judge Herman’s reassignment and asked Judge Underwood
to reassign the case pursuant to Texas Rule of Civil Procedure 18a. Within a month
of the reassignment, Judge Olsen sua sponte recused himself. Following Judge
Olsen’s recusal, Judge Herman issued a second minute order that reassigned the case
to Harris County Probate Court Number 1, the Honorable Russell Austin presiding,
“[p]ursuant to the provisions of Section 25.0022 and “section 4.3 of the Local Rules
for the Probate Courts of Harris County.” The Alperts again objected and requested
that Judge Underwood reassign the case.
          Judge Austin died unexpectedly. Thereafter, Judge Herman signed a third
minute order, assigning the Gerstner Proceeding to the Honorable Joe Loving, to
preside in Harris County Probate Court Number One. The Alperts again objected and
requested that Judge Underwood reassign the case.
          On June 11, 2008, the Alperts moved to recuse Judge Wood in the main trust
litigation cause number, 305,232-401, from which the dispute with the court-appointed receiver arose. Judge Wood granted the motion to recuse in that cause
number and further voluntarily recused “from all other cases and controversies
involving 1. Robert Alpert, Roman Merker, Daniel James Alpert and/or Mark Riley,
individually or 2. any entity in which any of those individuals is involved as grantor,
settlor, trustee, or beneficiary.” Judge Herman then signed a fourth minute order,
reassigning cause number 305,232-401 to Judge Loving. The Alperts once again
objected and requested that Judge Underwood reassign the case. 
          Citing the voluntary recusal of Judge Wood, Judge Herman signed a fifth
minute order reassigning cause numbers 305,232-001, 305,232-402, and 305,232-403
to Judge Loving. The Alperts objected to the reassignments and requested that Judge
Underwood also reassign these cases. On August 13, 2008, Judge Herman amended
his fifth minute order by assigning an additional cause number, number 305,352, to
Judge Loving. The Alperts objected to this sixth and final minute order. Each minute
order cited section 25.0022 of the Texas Government Code. Excluding the third
minute order, each minute order also cited section 4.3 of the Local Rules for the
Probate Courts of Harris County.
Standard of Review
Mandamus relief is available to correct a “clear abuse of discretion” when no
adequate remedy by appeal exists. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). Mandamus is proper if a trial court issues an order beyond
its jurisdiction. In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig.
proceeding). Cases involving void orders present a circumstance warranting
mandamus relief. In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (orig.
proceeding). A trial court has a ministerial duty to consider and rule on motions
properly filed and pending before the court and mandamus may issue to compel the
judge to act when a judge has refused to do so. Safety-Kleen Corp. v. Garcia, 945
S.W.2d 268, 269 (Tex. App.—San Antonio 1997) (orig. proceeding). A relator need
not prove that appellate remedy is inadequate for mandamus relief to issue if an order
is void. Sw. Bell Tel. Co., 35 S.W.3d at 605. 
 
DISCUSSION
A.      Rule 52.3
          As an initial matter, Gerstner contends that the Alperts have failed to comply
with Texas Rule of Appellate Procedure 52.3 by providing a noncompliant affidavit
to verify the facts alleged in their petition for a writ of mandamus. Rule 52.3
provides: “All factual statements in the petition [for a writ of mandamus] must be
verified by affidavit made on personal knowledge by an affiant competent to testify
to the matters stated.” Tex. R. App. P. 52.3. At the end of the petition, Alpert’s
counsel avers: “I certify, pursuant to Tex. R. Civ. App. P. 52.3(j), that I have reviewed
the Petition for Writ of Mandamus and concluded that every factual statement is
supported by competent evidence included in the appendix or record.” We hold that
the verification substantially complies with Texas Rule of Appellate Procedure 52.3,
as the relief requested in this case is based exclusively on matters contained in the
judicial record. 
B.      Void Orders
          The resolution of this proceeding rests on the interplay between Texas Rule of
Civil Procedure 18a, part (f), Texas Government Code section 25.00255, and Texas
Government Code section 25.0022. Rule 18a sets forth the procedure to use for
recusal proceedings in civil cases. Tex. R. Civ. P. 18a. Section 25.00255 of the
Texas Government Code covers recusal motions much like Rule 18a, but does not
treat the procedural aspects of the assignment of another judge following recusal. 
Tex. Gov’t Code Ann. § 25.00255 (Vernon 2004 & Supp. 2008). Texas
Government Code section 25.0022 addresses the selection and duties of a presiding
and assistant presiding probate judge. Tex. Gov’t Code Ann. § 25.0022 (Vernon
2004 & Supp. 2008). The Alperts contend that Judge Herman’s six minute orders are
void because Texas Government Code section 25.00255 vests Judge Underwood with
the exclusive power to assign a judge to hear a recusal motion, and Texas Rule of
Civil Procedure 18a(f) vests Judge Underwood with the exclusive power of
reassignment once a recusal is granted pursuant to such an assignment. Gerstner
responds that, nevertheless, Judge Herman also has implied authority to make the
assignment under Texas Government Code section 22.0022. 
          We begin with the relevant language of Rule 18a and the two statutory
provisions. First, Rule 18a establishes the procedure trial courts must use for hearing
a motion to recuse when the judge to whom the motion is directed declines to recuse:(d) If the judge declines to recuse himself, he shall forward to the
presiding judge of the administrative judicial district, in either original
form or certified copy, an order of referral, the motion, and all opposing
and concurring statements. Except for good cause stated in the order in
which further action is taken, the judge shall make no further orders and
shall take no further action in the case after filing of the motion and
prior to a hearing on the motion. The presiding judge of the
administrative judicial district shall immediately set a hearing before
himself or some other judge designated by him, shall cause notice of
such hearing to be given to all parties or their counsel, and shall make
such other orders including orders on interim or ancillary relief in the
pending cause as justice may require. . . .
 
(f) If the motion is denied, it may be reviewed for abuse of discretion on
appeal from the final judgment. If the motion is granted, the order shall
not be reviewable, and the presiding judge shall assign another judge
to sit in the case. 
 
Tex. R. Civ. P. 18a (emphasis added). Rule 18a(f) expressly confers the authority to
reassign a case following a recusal to the regional presiding judge of the
administrative judicial district. 
          Second, Section 25.00255 of the Texas Government Code directs the presiding
judge of the probate courts to forward a motion to recuse in probate cases to the
regional administrative judge for handling:
(f) Before further proceedings in a case in which a motion for the recusal
or disqualification of a judge has been filed, the judge shall:
 
          (1) recuse himself or herself; or
 
(2) request the assignment of a judge to hear the motion by
forwarding the motion . . . to the presiding judge of the statutory
          probate courts as provided by Subsection (h).
 
(g) A judge who recuses himself or herself:
 
(1) shall enter an order of recusal and request that the presiding
judge of the statutory probate courts request the assignment of a
judge to hear the motion for recusal or disqualification as
provided by Subsection (I); and
 
(2) may not take other action in the case except for good cause
stated in the order in which the action is taken. 
 
(h) A judge who does not recuse himself:
 
(1) shall forward to the presiding judge of the statutory probate
courts, in either original form or certified copy, an order of
referral, the motion for recusal or disqualification, and all
opposing and concurring statements; and
 
          (2) may not take other action in the case during the time after the 
          filing of the motion for recusal . . . except for good cause . . . .
 
(I) After receiving a request under Subsection(g) or (h), the presiding
judge of the statutory probate courts shall immediately forward the
request to the presiding judge of the administrative judicial district and
request that the presiding judge of the administrative judicial district
assign a judge to hear the motion for recusal or disqualification. On
receipt of the request, the presiding judge of the administrative judicial
district shall:
 
(1) immediately set a hearing before himself or herself or a judge
designated by the presiding judge, except that the presiding judge
may not designate a judge of a statutory probate court in the same
county as the statutory probate court served by the judge who is
the subject of the motion;
 
          (2) cause notice of the hearing to be given to all parties or their 
          counsel to the case; and
 
          (3) make other orders, including orders for interim or ancillary 
          relief, in the pending case.
 
Tex. Gov’t Code Ann. § 25.00255 (emphasis added). Section 25.00255 is silent as
to who shall appoint the new judge to preside after a recusal is granted—the regional
administrative judge or the presiding probate judge, or either, but contemplates that
it is the regional administrative presiding judge who shall “make other orders” in the
case.


 
           Third, section 25.0022 of the Texas Government Code addresses probate courts
and the types of judges who may hear probate cases:
(h) A judge or a former or retired judge of a statutory probate court may
be assigned to hold court in a statutory probate court, county court, or
any statutory court exercising probate jurisdiction when:
. . . .
(2) a statutory probate judge is absent, disabled, or disqualified for any
reason. 
. . . .
(6) a motion to recuse the judge of a statutory probate court has been
filed.
 
Tex. Gov’t Code Ann. § 25.0022(h) . Gerstner relies upon section 25.0022 to
support the validity of the orders reassigning these cases. 
          This reliance is misplaced. Though section 25.0022 speaks generally as to
whom a case may be assigned, it does not identify the judge who is to decide the
assignment. Rule 18a, however, expressly does so. Rule 18a(f) instructs that, if a
motion to recuse is granted, the administrative judicial district judge shall assign the
new judge to sit in the case. Tex. R. Civ. P. 18a(f). It is section 25.00255 and Rule
18a, not section 25.0022, that address the proper assignment procedure following a
recusal. See Guilbot v. Estate of Gonzalez y Vallejo, No. 14-07-00047-CV, 2008 WL
4390164, at *4 (Tex. App.—Houston [14th Dist.] Sept. 30, 2008, no pet. h.). Thus,
section 25.0022 does not support the orders in question.  
          Local Rule 4.3 for the Probate Courts of Harris County likewise cannot support
these orders. Rule 4.3 states, “If a judge voluntarily recuses himself, or if a motion
to recusal [sic] or disqualification is granted by any judge, the case shall be re-assigned by the Harris County Clerk by random assignment to another Harris County
probate court.” Harris County Probate Courts Loc. R. 4.3. But a local rule may not
conflict with a Texas Rule of Civil Procedure. Tex. R. Civ. P. 3a(1) (“Each
administrative judicial region, district court, county court, county court at law, and
probate court may make and amend local rules governing practice before such courts,
provided: (1) that any proposed rule or amendment shall not be inconsistent with
these rules or with any rule of the administrative judicial region in which the court is
located.”); Polk v. Sw. Crossing Homeowners Ass’n, 165 S.W.3d 89, 93 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied). In cases in which an order of recusal
follows a formal motion to recuse, the local probate rule conflicts with Rule 18a(f);
hence, we disregard the former and follow the latter. Tex. R. Civ. P. 3a(1).
          Gerstner contends that Local Rule 4.3 and section 25.00255 of the Texas
Government Code are complementary in that Local Rule 4.3 fills a gap created by
section 25.00255 with regard to who may reassign a case once recusal is granted. 
But, Gerstner’s contention ignores Texas Rule of Civil Procedure 18a(f), which fills
any gap in section 25.00255 by designating the presiding judge of the administrative
judicial district to reassign the case after a motion to recuse is granted. Tex. R. Civ.
P. 18a(f). Because Rule 18a(f) identifies the proper judge to perform the function of
reassignment, the local probate rule may not do so. See Tex. R. Civ. P. 3a(1). 
          Gerstner further contends that Rule 18a conflicts with section 25.0022 of the
Texas Government Code, and, because Rule 18a was adopted before section 25.0022,
the statute prevails. See Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000)
(“[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the
rule has been passed subsequent to the statute and repeals the statute as provided by
Texas Government Code section 22.004.”). But the two do not conflict. Unlike Rule
18a, section 25.0022 does not address who decides the reassignment of a case to a
new judge following a recusal, but instead addresses the types of judges who are
qualified for the assignment to hear a probate case. 
          Finally, Gerstner contends that Rule 18a “does not apply to motions to recuse
probate judges, because the Legislature has elected to specify different recusal
procedures for the statutory probate courts.” On the contrary, Rule 18a applies to
probate judges. See Guilbot, 2008 WL 4390164, at *4; In re Norman, 191 S.W.3d
858, 860 (Tex. App.—Houston [14th Dist.] 2006) (orig. proceeding); Parker v.
Parker, 131 S.W.3d 524, 529 (Tex. App.—Fort Worth 2004, pet. denied)
(“Furthermore, the trial court record does not reflect that the probate judge entered
an order of recusal or requested that another judge be assigned to the case as required
by rule 18a.”). 
          Both the Texas Government Code and Texas Rules of Civil Procedure vest the
“presiding judge of the administrative judicial district” with the authority to assign
a judge to hear a motion for recusal. Tex. Gov’t Code Ann. § 25.00255; Tex. R.
Civ. P. 18a. Judge Underwood complied with this procedure by assigning Judge
Burkhalter to hear the recusal motion. Unlike the Texas Government Code, which
is silent on the issue of who may reassign a case after recusal is granted, the
applicable Rule of Civil Procedure designates the presiding administrative judicial
district judge—or, in some cases, the Chief Justice of the Texas Supreme Court—to
undertake that particular task. Tex. R. Civ. P. 18a(f). We hold that Judge Herman’s
first minute order is void because Rule 18a vests Judge Underwood with the power
to assign a new judge to hear the underlying case. Judge Herman’s second and third
minute orders, issued in response to Judge Olsen’s sua sponte recusal and Judge
Austin’s death, stem from the first void order and are likewise void. The fourth, fifth,
and sixth minute orders were prompted by Judge Wood’s voluntary recusal on matters
related to the Alpert proceedings, after the Alperts formally moved for recusal. 
Therefore, Judge Wood’s recusal also is within the purview of section 25.00255 and
Rule 18a(f). Tex. Gov’t Code Ann. § 25.00255(g)(1),(I); Tex. R. Civ. P. 18a(f). 
Section 25.00255 and Rule 18a both empower Judge Underwood, not Judge Herman,
to reassign the case when a judge recuses himself on a party’s motion. Id. Minute
orders four, five, and six are void. 
          We hold that the authority to reassign cases after a party has moved for recusal
vests with Judge Underwood as the regional administrative presiding judge, and not
Judge Herman, as the presiding judge of the statutory probate courts. Tex. R. Civ.
P. 18a. Accordingly, the minute orders are void, and we direct Judge Herman to
vacate them. 
C.      Reassignment 
       Finally, the Alperts contend that Judge Underwood, “though required to make 
the reassignment pursuant to Tex. R. Civ. P. 18a, continues to refuse to do so in the
face of Judge Herman’s unauthorized actions in these cases.” A trial court has a
ministerial duty to consider and rule on motions properly filed and pending before the
court, and we may issue mandamus to compel the judge to act. Garcia, 945 S.W.2d
at 269. A judge, however, has a reasonable time in which to act. Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding). The
circumstances of the case determine whether a judge has failed to act within a
reasonable amount of time. Id. ; Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979) 
(“There are three requisites to a mandamus: a legal duty to perform a nondiscretionary
act, a demand for performance, and a refusal.”).  
          Here, the Alperts’ assertion that Judge Underwood has refused to perform the
reassignments is unpersuasive. The circumstances indicate that Judge Herman
reassigned these cases as the presiding judge of the statutory probate courts, and that
confusion existed as to which judge should make the assignment following recusal. 
Although the Alperts repeatedly have demanded that he act, Judge Underwood has
never refused to do so. See Tex. R. Civ. P. 18a; Id. Now that the law has been
clarified, we are confident that Judge Underwood will reassign the cases according
to the procedures in Rule 18a and in compliance with the Government Code. See
Tex. Gov’t Code Ann. § 25.00255; Tex. R. Civ. P. 18a. Accordingly, we deny the
Alpert’s request for mandamus relief as to Judge Underwood. 
CONCLUSION
          We hold that Texas Rule of Civil Procedure 18a vests the appropriate regional
presiding administrative judge, not the presiding administrative judge for the statutory
probate courts, with the duty to reassign probate cases once a motion to recuse has
been granted. Accordingly, the orders in question are void, and we direct the
presiding administrative judge for the probate courts to vacate them. We further hold
that the relator has not shown any abuse of discretion on the part of the regional
administrative presiding judge, and thus deny the request for a writ of mandamus
against him. 
 
                                                                       Jane Bland
                                                                        Justice
 
 
Panel consists of Justices Jennings, Hanks, and Bland.