Opinion issued April 24, 2012

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-01127-CV

———————————

IN RE FLOYD
PLEASANT TARVIN, IV, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Floyd Pleasant Tarvin, IV,
has filed a pro se “Application and Petition for Writ of Procedendo
Pursuant to Texas Rule of Appellate Procedure 72.”  Relator asks this court to direct respondent[1] to rule on his application for “writ of coram vobis,” pertaining to relator’s
underlying civil suit.[2]  

Rule of Appellate Procedure 72, to which appellant cites,
applies to proceedings in the Texas Court of Criminal Appeals.  See
Tex. R. App. P. 72.  In a civil suit, as here, Texas Government
Code section 22.002(a) specifically grants the Supreme Court of Texas the power
to issue a writ of procedendo.  See Tex. Gov’t Code Ann. § 22.002(a) (Vernon Supp. 2011).  This court’s statutory general writ power,
however, is limited to “writ[s] of mandamus and all other writs necessary to
enforce the jurisdiction of the Court.”  See Tex.
Gov’t Code Ann. § 22.221(a)
(Vernon 2004).   Relator has not established that the writ he
seeks is necessary to enforce our jurisdiction.  

We construe relator’s petition as a petition for writ of
mandamus because, in substance, relator seeks to compel the trial court to rule
on his application.  See In re Alpert, 276 S.W.3d 592, 595 (Tex. App.—Houston [1st
Dist.] 2008, orig. proceeding) (noting that ruling upon motion is ministerial
act and that mandamus may issue to compel trial court to act); Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding) (acknowledging duty to liberally construe petition
of party acting pro se to determine merits of complaints).

Mandamus will issue “only to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law.” Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  To show entitlement to mandamus relief, a
relator must satisfy three requirements:  (1) the lower court must have a legal
duty to perform a nondiscretionary act, (2) the relator must make a demand for
performance, and (3) the trial court must refuse that request.  Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  Specifically, to establish that the trial
court abused its discretion by failing to rule, a relator must show that the
trial court received his application, was aware of it, was asked to rule, and failed
or refused to do so.  See Barnes, 832 S.W.2d
at 426.  Here, relator has not provided us with a
record showing that the trial court received his application, was aware of it,
was asked to rule, and refused to rule.  See id.

          Furthermore, relator’s petition does
not comply with Rule of Appellate Procedure 52.3.  See, e.g., Tex. R. App. P. 52.3(k) (requiring “certified
or sworn copy of any order complained of, or any other document showing the
matter complained of”).

Accordingly, we deny the petition for writ of mandamus.  All pending motions are dismissed as moot.

PER CURIAM

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]
        Respondent is the Honorable Dan Hinde of the 269th District Court, Harris County,
Texas.  





[2]
        The underlying case is Floyd Pleasant Tarvin,
IV v. Charles Bacarisse,  No. 2009-29985, 269th Dist. Court
(Harris County, Texas).