# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00072-CV

## In re Kenneth Gordon

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Kenneth Gordon has filed a petition for writ of mandamus complaining of the trial court's denial of his motion to dismiss the underlying suit seeking to terminate his parental rights. Having carefully reviewed the record, the responses filed by the real parties in interest, the Texas Department of Family and Protective Services and the children's attorney ad litem, and the applicable case law and statutes, we conditionally grant mandamus relief.

On May 25, 2012, the Department filed its original petition seeking conservatorship over Gordon's children K.G. and M.G., who were at the time ten and seven.[1] The Department alleged neglect and neglectful supervision, that Gordon was emotionally disturbed and abusing alcohol, and that the children were not enrolled in school or being properly educated by Gordon. The trial court signed an order placing the children in the conservatorship of the Department on that same day. On July 31, 2012, the trial court signed temporary orders setting May 27, 2013, as the dismissal date for the suit. *See* Tex. Fam. Code § 263.401(a) (unless trial commences or extension

---

[1] The children's mother, Gordon's wife, died in June 2009.

granted by first Monday after one year from order granting Department temporary conservatorship, trial court "shall dismiss the suit"). On March 22, 2013, the trial court signed an order extending the dismissal date to November 23, 2013. *See id.* § 263.401(b) (if "extraordinary circumstances" require it, trial court may extend dismissal date up to 180 days from one-year anniversary).

Trial was held in July 2013, and the jury returned a verdict finding that Gordon's parental rights should not be terminated.[2] The Department and the attorney ad litem filed a joint motion for new trial, arguing that the jury's verdict was against the great weight and preponderance of the evidence. On July 31, the trial court signed an order granting the motion for new trial and set a new trial to begin September 23. On August 15, Gordon filed objections to the court's order granting new trial and a motion to vacate the order and to reinstate and enter judgment on the jury's verdict. On August 22, the trial court signed an amended order granting a new trial, providing an explanation for the court's decision.[3] *See In re United Scaffolding, Inc.*, 301 S.W.3d 661, 662 (Tex. 2010) (trial court abuses its discretion if it grants new trial without specifying reasons).

On September 9, Gordon filed in the trial court a document styled a "Notice of Appeal/Petition for Writ of Mandamus," stating that the document was a "Notice of Petition for Writ of Mandamus" and that he would be seeking mandamus relief from this Court.[4] On September 12,

---

[2] Eleven jurors found that Gordon had not placed the children in endangering conditions, engaged in endangering conduct, or failed to comply with a court order's provisions. *See* Tex. Fam. Code § 161.001(1)(D), (E), (O).

[3] The effect of the granting of the motion for new trial was that "the slate [was] essentially wiped clean" and the case proceeded "as though no trial had occurred." *In re Department of Family & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009).

[4] Gordon also filed a request for reporter's and clerk's records in which he stated that he had filed an accelerated appeal.

2

he filed an agreed motion for continuance of the September 23 trial date, explaining that he intended to seek mandamus relief. On November 1, Gordon filed his petition for writ of mandamus in this Court in cause number 03-13-00730-CV. The Department and attorney ad litem filed their responses on November 14. None of the parties informed us of the looming dismissal date. On December 11, this Court denied Gordon's request for mandamus relief.

After we issued our opinion, the trial court set a new trial date for February 10, 2014, and on January 10, 2014, Gordon filed a motion to dismiss, noting that the suit had gone past the extended dismissal date of November 23, 2013. On February 6, the trial court denied Gordon's motion. In its order denying Gordon's motion to dismiss, the trial court stated:

> In partial reliance on the Travis County Local Rule 4.1 which states that the Respondent has WAIVED his Motion for failure to timely set it for a hearing prior to trial on the merits; and in partial reliance on the Texas Supreme Court ruling in *In Re DFPS*, 273 SW3d 637 (2009) which states that the trial court had 180 days from the ruling to retry the case; and in partial reliance on TRAP 28.4, 29.5(b), and 25.1 which state that once the Respondent filed a Notice of Appeal the appellate court had jurisdiction over the case, and that the trial court must not make an order that interferes with or impairs the jurisdiction of the appellate court, and which gives the trial court 180 days to commence the trial after the appellate court decision, the Court concludes the following alternative grounds for denying the Respondent's Motion to Dismiss:
>
> > a. The Respondent WAIVED his Motion; or
>
> > b. The Trial Court has until **JUNE 9, 2014** to retry the case which is 180 days from December 11, 2013, when the Third Court of Appeals denied Respondent's Mandamus/Appeal request; or
>
> > c. The Trial Court has until **February 25, 2014** to retry the case which is 93 days from the prior dismissal date of November 23, 2013 (93 days are the amount of days between September 9, 2013 when the Respondent filed his Notice of Appeal and invoked appellate jurisdiction over this case until December 11, 2013 when the Third Court of Appeals denied the appeal); or

d. The Trial Court has until **March 14, 2014** to retry the case which is 93 days from December 11, 2013 when the Third Court of Appeals denied the appeal of Respondent.

On February 7, Gordon filed this petition for writ of mandamus, arguing that the trial court abused its discretion in denying his motion to dismiss.

In their responses, the real parties in interest contend that the trial court did not abuse its discretion. They argue that Gordon waived his right to seek dismissal of the suit because he did not present his motion to dismiss to the trial court more than one week before the start date for the trial, in violation of a local rule, and that he should be estopped from seeking dismissal because he sought a continuance of the September 2013 trial date while he sought mandamus relief. They also argue that the trial court did not abuse its discretion in determining that it had 180 days from the date of our opinion in Gordon's first mandamus proceeding to retry the case. We disagree on all counts.

Parental rights are of constitutional magnitude and are "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). The family code sets out very specific procedures and time lines to which parties to a termination suit must adhere. One of those provisions, section 263.401, reads in relevant part as follows:

> (a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

> (b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in

4

the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. . . .

(c) If the court grants an extension but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

Tex. Fam. Code § 263.401. A party to a termination suit may waive his right to object to the trial court's refusal to dismiss a suit if he "fails to make a timely motion to dismiss the suit under this subchapter," and "[a] motion to dismiss under this subsection is timely if the motion is made before the trial on the merits commences." *Id.* § 263.402.

The real parties in interest are correct that the family code's dismissal dates are not jurisdictional. *See In re Department of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009). They are incorrect, however, in asserting that a local rule controls the application of a statute, particularly in a case involving important constitutional rights and a heightened standard of review. Section 263.402(b) provides that a motion to dismiss is timely if it is "made before the trial on the merits commences." Tex. Fam. Code § 263.402(b). Gordon filed his motion a month before the trial was set to begin, and it was heard by the trial court four days before the trial date. Gordon's motion was timely, and any local rule violations did not waive his right to seek dismissal under the family code. *See In re Alpert*, 276 S.W.3d 592, 598 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (local rule may not conflict with rules of civil procedure); *Texas Fire & Cas. Co. v. Harris Cnty. Bail Bond Bd.*, 684 S.W.2d 177, 178-79 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (declaring local rule void because it conflicted with statutory provision; "agencies cannot adopt rules and regulations which impose additional burdens, conditions or restrictions in excess

5

of or inconsistent with statutory provisions"). Nor did Gordon's filing a petition for writ of mandamus in any way bar the trial court from proceeding with the underlying termination suit. *See* Tex. R. App. P. 52.10 (relator may seek stay or other temporary relief during pendency of original proceeding). *Cf.* Tex. Civ. Prac. & Rem. 51.014(b) (interlocutory appeal, other than in suit brought under family code, stays commencement of trial pending resolution of appeal); *In re Honza*, 242 S.W.3d 578, 584 (Tex. App.—Waco 2008, orig. proceeding) (Gray, C.J., dissenting) (contending that court of appeals improperly stayed jury trial when no party had requested such relief).

We also disagree that estoppel or the language of *In re Department of Family & Protective Services* bars Gordon from seeking dismissal because he filed his original petition for writ of mandamus or an agreed motion for continuance of the September trial setting. Gordon informed the trial court on September 9 that he was going to seek mandamus relief, and on that same date, he requested the reporter's record. Three days later, on September 12, more than two months before the November dismissal date, Gordon sought to delay the September 23 trial setting while he sought mandamus relief, and the real parties in interest agreed to the delay. The reporter's record was not filed in this Court until November 5, four days after Gordon filed his original petition, and he filed a supplemental petition including record references on November 14. There is no indication that Gordon sought to trick the trial court into going past the dismissal date or that he somehow delayed the filing of the reporter's record in his first mandamus proceeding.

Gordon did not lure the trial court into error or ambush the court by purposefully pushing the trial date beyond the dismissal date. *See id*. at 646. Although Gordon did not inform this Court of the impending dismissal date in his mandamus proceeding, the real parties in interest

6

never did so, either. *See id.* at 647 ("It was up to the Department or the children's attorney . . . to oppose K.W.'s motion for new trial or move for an extension order."). It was not incumbent on Gordon to advise the trial court of all of the ramifications of its granting the motion for new trial filed by the real parties in interest or of its granting Gordon's agreed motion for continuance. *See id.* at 646. Nor did Gordon have "a legal burden to tell the trial court the means by which to terminate [his] parental rights." *See id.* at 647.[5]

Finally, nothing in *In re Department of Family & Protective Services* can be read as giving the trial court 180 days after our denial of Gordon's first mandamus petition to retry the case. Instead, the supreme court noted that a trial court can only retain a case for up to 180 days after the one-year dismissal date and "may not grant a second extension to retain the suit on the court's docket beyond the 180-day limit." *Id.* at 643.

Under the clear and unequivocal language of sections 263.401 and 263.402, the trial court was required to dismiss the suit when it lingered on the court's docket beyond 180 days after May 27, 2013, and the parties could not agree to extend the deadline beyond that date. *See* Tex. Fam. Code §§ 263.401, .402(a). The trial court therefore abused its discretion in denying Gordon's timely filed motion to dismiss. We conditionally grant Gordon's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). Writ will issue only if the trial court does not enter an order in accordance with this opinion.

---

[5] In *In re Department of Family & Protective Services*, the trial court granted the mother's motion for new trial and then granted an agreed motion for continuance that placed the new trial date more than 180 days beyond the original dismissal date. 273 S.W.3d at 640. The supreme court held that the mother did not waive her right to have the suit dismissed by seeking and obtaining a new trial or by agreeing to the motion for continuance. *Id.* at 644, 646-47.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   March 28, 2014