**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 9, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00926-CV

---

### IN RE EDDIE WAYNE JEFFREY, Relator

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
**Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 514461**

---

## MEMORANDUM OPINION

On December 11, 2023, relator Eddie Wayne Jeffrey filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Pamela

Medina, presiding judge of the Probate Court No. 2 of Harris County, to rule on relator's request for appointment of an attorney ad litem.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending and mandamus may issue to compel the trial court to act when the trial court has refused to do so. *See In re Alpert*, 276 S.W.3d 592, 595 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on the motion, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made a demand for performance, and the trial court refused to perform. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *see also In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam).

Relator bears the burden of demonstrating his entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted). Relator has failed to satisfy this requirement.

In his petition, relator claims he filed a motion for appointment of an attorney ad litem on September 25, 2023. However, relator did not attach a file-stamped copy of his motion demonstrating it is actually pending in the trial court. Relator also asserts that he presented his motion to the trial court by requesting a hearing on the motion on October 18, 2023. Relator, however, does not provide a file-stamped copy of the hearing request. Instead, he requests this Court take judicial notice of the county clerk's files and records.

Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief). Relator's petition is not accompanied by a certified or sworn copy of the motion that is the subject of his complaint, as is required by Rule 52.3 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1). Relator's petition fails to contain any appendix or any other attempt to provide a record for our review. Without some record of this type, we are unable to grant the extraordinary relief he has requested.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.