**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 26, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00852-CV

---

### IN RE GRACIA M. HERNADEZ, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
165th District Court
Harris County, Texas
Trial Court Cause No. 2020-59713**

---

## MEMORANDUM OPINION

On Tuesday, November 12, 2024, relator Gracia M. Hernadez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ursula Hall, presiding judge of the 165th District Court of Harris County, to rule on a June 4, 2024 motion to compel.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending and mandamus may issue to compel the trial court to act when the trial court has refused to do so. *In re Jeffrey*, No. 14-23-00926-CV, 2024 WL 90039, at *1 (Tex. App.—Houston [14th Dist.] Jan. 9, 2024, orig. proceeding); *see In re Alpert*, 276 S.W.3d 592, 595 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on the motion, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made a demand for performance, and the trial court refused to perform. *In re Jeffrey*, 2024 WL 90039, at *1; *see Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *see also In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam).

Relator bears the burden of demonstrating entitlement to mandamus relief. *In re Jeffrey*, 2024 WL 90039, at *1; *see In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *In re Jeffrey*, 2024 WL 90039, at *1; *see Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted).

In his petition, relator states she filed a motion to compel on June 4, 2024. However, relator did not attach a file-stamped copy of his motion demonstrating it

is actually pending in the trial court. *See In re Jeffrey*, 2024 WL 90039, at *1. Thus, relator has failed to satisfy this requirement. See *id.*

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher, Justices Bourliot and Wilson.