### In re Tana HUNTER, Relator.

### No. 05–09–01540–CV.

Court of Appeals of Texas, Dallas.

March 2, 2010.

Mark E. Stradley, Stradley & Wright, P.C., Dallas, TX, for Relator.

M. Kevin Queenan, Queenan Law Firm, P.C., Arlington, TX, for Real Party in Interest.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION

Opinion by Justice MOSELEY.

Relator filed this mandamus proceeding after the trial court issued an order granting a new trial without stating specific reasons. We conclude the trial court abused its discretion and relator has no

---

adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We therefore conditionally grant the writ of mandamus.

In July 2009, the Supreme Court of Texas held that trial courts must state specific reasons for refusing to render judgment on a jury verdict and granting a new trial, and that the failure to do so was correctable by writ of mandamus. *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 212–15 (Tex.2009) (orig. proceeding). In this case, the trial court did not state any reasons for granting the motion for new trial. However, we disagree with relator's contention that the trial court is required to vacate or set aside its order. *See In re United Scaffolding, Inc.*, 301 S.W.3d 661, 662–63 (Tex.2010) (orig. proceeding) (refusing to require vacatur and ordering trial court to specify reasons for granting new trial).

Accordingly, we conditionally grant relator's petition for writ of mandamus in part. We direct the trial court to issue an order specifying its reasons for ordering a new trial within thirty days. We deny the petition for writ of mandamus to the extent that relator seeks to have the order granting a new trial set aside. A writ will issue only in the event the trial court fails to comply.