

# NUMBER 13-14-00484-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE FRED ADKINS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Justice Perkes[1]

Relator, Fred Adkins, filed an amended petition for writ of mandamus in the above cause on August 27, 2014 seeking to compel the trial court to withdraw its order granting a new trial and enter judgment in Adkins's favor.[2] In a series of recent opinions, the Texas Supreme Court has mandated the trial court's stated reasons for granting a new trial must

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number P-34,953 filed in the County Court at Law No. 3 of Hidalgo County, Texas. The respondent in this original proceeding is the Honorable John A. Hutchison III, a statutory probate judge presiding by appointment.

be legally appropriate and must be specific enough to show that the trial court derived its articulated reasons for granting a new trial from the particular facts and circumstances of the case at hand. *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding). While the order granting a new trial in this case is supported by legally appropriate reasons and includes some analysis regarding the sufficiency of the evidence, the order is insufficient to meet the rigorous and detailed standards articulated by the Texas Supreme Court. Specifically, the order does not specifically show that the trial court derived its articulated reasons for granting a new trial from the particular facts and circumstances of the case at hand. Accordingly, without addressing the merits of the order granting new trial, we conditionally grant mandamus relief in part and deny relief in part as specified herein.

## I. BACKGROUND

The underlying matter is a will contest involving issues pertaining to testamentary capacity and undue influence. Everett Hank Tingle passed away on February 5, 2012. His caregiver, Adkins, sought to probate a will executed by Tingle on March 20, 2006, which essentially left Everett's property to Adkins. In contrast, Antonia Tingle, Everett's ex-wife, sought to probate a will executed by Everett on December 13, 2010, leaving his property to Antonia. Adkins was at one time married to Antonia's daughter, but was divorced from her by the time of the events at issue.

After a five-day jury trial, the jury rendered a verdict finding that: (1) in response to jury question number one, Everett did not have testamentary capacity to sign the will dated December 13, 2010; (2) in response to jury question number two, Everett signed

2

the will dated December 13, 2010 as a result of undue influence; (3) in response to jury question number three, Antonia did not prosecute the proceeding to probate the December 13, 2010 will in good faith and with just cause; and (4) in response to jury question number four, Antonia incurred $65,000 for "necessary expenses and disbursements," including attorney's fees, incurred in prosecuting the proceeding to probate the will.

On December 30, 2013, the trial court entered a final judgment in favor of Adkins in accordance with the jury's verdict. The Court's judgment denied Antonia's application to probate the December 13, 2010 will, rendered judgment in favor of Adkins, and denied Antonia any award for the expenses and attorney's fees she incurred in attempting to probate the 2010 will.

On January 22, 2014, Antonia filed a motion for judgment notwithstanding the verdict, or alternatively, motion for new trial. According to Antonia's motion, the "jury reached a decision based . . . more on its subjective view of justice, as opposed to the underlying facts." On February 20, 2014, Adkins filed a response to Antonia's motion for new trial. On February 25, 2014, the trial court held a non-evidentiary hearing on Antonia's motion and set the motion for submission on Friday, March 13, 2014. On March 13, 2014, the trial court granted Antonia's motion for a new trial. The trial court's order granting Antonia's motion for new trial provides as follows:

> On March 13, 2014, the Court considered the Motion for a New Trial filed by Antonia Tingle, the response thereto, and the evidence adduced at the hearing,[3] and enters the following findings:
>
> 1. As to jury issue No. 1 regarding testamentary capacity, the jury's verdict is against the great weight and preponderance of the credible

---

[3] As previously noted, contrary to the recital in the order granting new trial, there was no evidence adduced at the hearing on the motion for new trial.

3

evidence. The evidence from the witnesses showed overwhelmingly that Everett Hank Tingle possessed testamentary capacity at the time of the execution of the will dated December 13, 2010.

2. As to jury issue No. 2 regarding undue influence, the jury's verdict is against the great weight and preponderance of the credible evidence. There was insufficient evidence to show that Everett Hank Tingle signed the will dated December 13, 2010, as the result of undue influence. The evidence only indicated mere speculation or a bare suspicion that undue influence had been exercised.

3. As to jury issue No. 3, regarding good faith of proponent Antonia Tingle, the jury's verdict is against the great weight and preponderance of the credible evidence. There was no evidence presented to show that Antonia Tingle did not prosecute the probate of the will in good faith.

4. As to jury issue No. 4, if jury issue No.4 derives from Jury Issue No.3, if jury issue no 3 is against the great weight and preponderance of evidence, then the answer to Jury Issue No.4 is manifestly unjust.

IT IS ORDERED THAT Plaintiff's Motion for a New Trial is GRANTED based on the findings herein and in the interest of justice.

This original proceeding ensued. By two issues, Adkins contends: (1) that the trial court cannot grant a new trial on the stated basis that the jury's verdict was against the great weight and preponderance of the evidence; and (2) the trial court abused its discretion in substituting its judgment for that of the jury. Adkins contends that the trial court must, when granting a new trial, state a reasoned basis with reference to specific evidence, rather than merely granting a new trial with recitations to a legal standard and because it believes the jury verdict to be "manifestly unfair."

The Court requested and received a response to the petition for writ of mandamus from Antonia. By four issues, Antonia contends that: (1) the order granting a new trial is sufficiently specific; (2) supreme court precedent does not require this Court to examine the record when the trial court has granted a new trial based on factual insufficiency of

4

the evidence to support the verdict; (3) this Court should apply a "very limited" merits-based review to determine whether the trial court abused its discretion in granting a new trial; and (4) the trial court did not abuse its discretion in granting a new trial.

## II. STANDARD OF REVIEW

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### III. NEW TRIALS

Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion to grant a new trial "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. The Texas Supreme Court has held that although trial courts have significant discretion in granting new trials, "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 212. Thus, a trial court's order granting a motion for new trial must provide a reasonably specific explanation of the court's reasons for setting aside a jury verdict. *Id.* at 213; *see, e.g., In re Hunter*, 306 S.W.3d 422, 423 (Tex. App.—Dallas 2010, orig. proceeding); *In re C.R.S.*, 310 S.W.3d 897, 898 (Tex. App.—San Antonio 2010, orig. proceeding); *In re Carrizo Oil & Gas Co.*, 292 S.W.3d 763, 764 (Tex. App.—Beaumont 2009, orig. proceeding); *see also In re Davis*, No. 02-14-00131-CV, 2014 WL 2145433, at *1 (Tex. App.—Fort Worth May 20, 2014, orig. proceeding) (mem. op.); *In re Whaley*, No. 05-12-01518-CV, 2012 WL 5991789, at *1 (Tex. App.—Dallas Nov. 30, 2012, orig. proceeding) (mem. op.).

A trial court does not abuse its discretion so long as its stated reason for granting a new trial is: (1) a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict; and (2) specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. A new trial order may be an abuse of discretion if, for example, it is based on a reason that is not legally valid, or "if the articulated reasons plainly state that the trial court merely substituted its

own judgment for the jury's." *Id.* at 689.  An appellate court may conduct a merits-based mandamus review of a trial court's articulated reasons for granting a new trial.  *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 755–59 (Tex. 2013) (orig. proceeding); *see In re Whataburger Restaurants LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *In re Health Care Unlimited, Inc.*, 429 S.W.3d 600, 602 (Tex. 2014) (orig. proceeding) (per curiam).  If the articulated reasons are not supported by the law and the record, mandamus relief is appropriate.  *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 761–62.

## IV. ANALYSIS

As stated previously, Adkins contends that the trial court abused its discretion by substituting "its own judgment for that of the jury" and the order granting a new trial constituted an abuse of discretion because it merely contained recitations to a legal standard rather than stating a reasoned basis for granting the new trial with reference to specific evidence.  The trial court's order granting a new trial in favor of Antonia states that the jury's verdict was against the great weight and preponderance of the credible evidence with regard to its conclusions that Everett lacked testamentary capacity to sign the December 13, 2010 will, that he signed the will as a result of undue influence, and that Antonia did not prosecute the proceeding to probate that will in good faith and with just cause.  The order further recites that the "evidence from the witnesses showed overwhelmingly that [Everett] possessed testamentary capacity at the time of the execution of the will," that there was "insufficient evidence to show that [Everett] signed the will. . . as the result of undue influence," that the "evidence only indicated mere speculation or a bare suspicion that undue influence had been exercised," and that there

7

"was no evidence presented that [Antonia] did not prosecute the probate of the will in good faith." The order granted a new trial "based on the findings herein and in the interest of justice." The order contained no additional rationales or explanation for the trial court's determination to grant a new trial.

As an initial matter, we examine whether or not the trial court's order meets the threshold requirements established by the Texas Supreme Court for orders granting new trials. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. First, we determine whether the trial court's stated reason for granting the new trial is a reason for which a new trial is legally appropriate, such as a well-defined legal standard. *See id.* Insofar as the trial court's order states that the new trial was granted "in the interest of justice," the supreme court has directed us that "[b]road statements such as 'in the interest of justice' are not sufficiently specific." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 215. However, the trial court's order also recites that the verdict was "against the great weight and preponderance of the credible evidence," which is a legally sound reason to grant a new trial. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. Specifically, a finding that a verdict is contrary to the great weight and preponderance of the evidence can support a new trial order. *See id.* at 689 ("[A]n order granting a new trial may amount to a clear abuse of discretion if the given reason, specific or not, is not one for which a new trial is legally valid."); *see also, e.g., Sanders v. Harder*, 227 S.W.2d 206, 209–10 (Tex. 1950) ("In ordinary civil cases trial courts . . . may set aside jury verdicts and grant new trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence."). Accordingly, the trial court's order meets the first requirement for orders granting new

8

trials.

Second, we determine whether the trial court's stated reasons for granting the new trial are specific enough to indicate that the trial court derived the articulated reasons from the particular facts and circumstances of the case at hand. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. While the trial court need not provide "a detailed catalog of the evidence" to ensure that it was not merely substituting its judgment for that of the jury's, the new trial order must provide "a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted." *Id.* The Texas Supreme Court has directed us as follows:

> [M]andamus may lie if the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning. Usually, the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice. The order must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings. A trial court abuses its discretion if its new-trial order provides no more than a pro forma template rather than the trial judge's analysis. This two-part test adequately ensures that jury verdicts are not overturned without specific and proper reasons, while still maintaining trial courts' discretion in granting new trials.

*Id.* at 689. In the instant case, the new trial order states that the jury's findings regarding testamentary capacity, undue influence, and good faith were against the great weight and preponderance of the evidence. Under the *United Scaffolding* analysis, this constitutes a recitation of a legal standard and will not suffice to meet the specificity requirement established by the supreme court. *Id.* The new trial order further states that the "evidence from the witnesses showed overwhelmingly" that Everett possessed testamentary capacity, that there was "insufficient evidence" to show that Everett signed the will as the result of undue influence, that the "evidence only indicated mere speculation or a bare

9

suspicion that undue influence had been exercised," and that there was "no evidence" presented showing that Antonia did not prosecute the probate of the will in good faith.

In the instant case, the new trial order, while providing a general rationale for the trial court's ruling, does not expressly illustrate that the trial judge considered the specific facts and circumstances of the case at hand. *Id.* Although the new trial order recites that the evidence, or lack of evidence, undermines the jury's findings, the order does not actually discuss the evidence itself, reference any specific facts, evidence, or testimony, or explain how any particular facts, evidence, or testimony undermines the jury's findings. *Id.* A new trial order must "elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence." *Id.; see, e.g.*, *In re United Servs. Auto. Ass'n*, No. 01-13-00508-CV, 2014 WL 4109756, at **8–16 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, orig. proceeding) (examining the specificity and legal soundness of five different bases for a new trial order). Under the analysis mandated by the Texas Supreme Court, the trial court's stated reasons for granting a new trial were not sufficiently specific, and thus the order granting a new trial constituted an abuse of discretion. *See In re United Scaffolding, Inc.*, 301 S.W.3d at 662; *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 213. Accordingly, we sustain Adkin's first issue. Having sustained Adkins's first issue, we need not reach his remaining issue pertaining to the merits of the trial court's articulated reasons for granting a new trial. *See* TEX. R. APP. P. 47.1, 47.4; *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 755–59; *In re Whataburger Restaurants LP*, 429 S.W.3d at 598; *In re Health Care Unlimited, Inc.*, 429 S.W.3d at 602.

## V. Conclusion

Adkins requests that we issue a writ of mandamus directing the trial court to: (1) withdraw the order granting new trial; and (2) enter judgment in favor of Adkins. Because we agree with Adkins that the trial court's order granting a new trial does not conform with the procedural requirements set forth by the Texas Supreme Court, we conditionally grant mandamus relief and direct the trial court to amend its order granting a new trial to more specifically set out the reasons for which it set aside the jury verdict and granted a new trial. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 206, 215; *see also In re United Scaffolding, Inc.*, 377 S.W.3d at 686, 690.

However, Adkins asks us not only to order the trial court to vacate its new trial order, but also to order the trial court to enter judgment on the verdict. An order directing the trial court to enter judgment on the verdict is not appropriate where the trial court does not state its reasons for granting a new trial, or if the reasons given are unclear, because there may be legitimate reasons for a new trial that are simply not clear to the appellate court. *See, e.g., In re United Scaffolding, Inc.*, 377 S.W.3d at 690 (trial court was not required to enter judgment on the verdict when use of "and/or" and other ambiguities made trial court's reasoning unclear); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 214 (declining to order judgment on the verdict when trial court had not stated grounds for new trial order); *see also In re City of Houston*, 418 S.W.3d 388, 397–98 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (rendering judgment on the verdict where the trial court specified invalid reasons for granting the new trial). Thus, we deny the petition for writ of mandamus to the extent that Adkins seeks to have judgment rendered on the jury verdict. We direct the trial court to issue an order

11

specifying its reasons for ordering a new trial within thirty days.  A writ will issue only in the event the trial court fails to comply.

GREGORY T. PERKES
JUSTICE

Delivered and filed the
8th day of October, 2014.